# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

**JENNIFER DENISE HAMMETT,**           }
                                       }
    **Plaintiff,**                    }
                                       }
v.                                     }        **Case No.: 2:08-cv-01759-RDP**
                                       }
**MICHAEL J. ASTRUE, Commissioner**    }
**of Social Security,**                }
                                       }
    **Defendant.**                   }

## MEMORANDUM OPINION

Plaintiff Jennifer Denise Hammett brings this action pursuant to Section 1631(c)(3) of the Social Security Act (the "Act") seeking review of the decision of the Commissioner of Social Security ("Commissioner") denying her application for Supplemental Security Income ("SSI") benefits. *See* 42 U.S.C. § 1383(c). For the reasons outlined below, the court finds that the decision of the Commissioner is due to be affirmed.

**I.     Procedural History**

On January 9, 2006, Plaintiff filed an application under Title XVI of the Act for SSI and any federally administered State supplementation, and for benefits under the other programs administered by the Social Security Administration, and as applicable, for medical assistance under Title XIX of the Act. (Tr. 64). Plaintiff's application was denied on March 14, 2006. (Tr. 55-59). Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"). (Tr. 62). Plaintiff's case was heard by ALJ Charles L. Brower on November 17, 2006. (Tr. 25-52). In his May 1, 2007 decision, the ALJ determined that Plaintiff was not eligible for SSI or medical assistance because she failed to meet the disability requirements of the Act and retained the residual functional capacity ("RFC")

to perform the exertional demands of unskilled light work. (Tr. 8-24). Plaintiff requested a review of the ALJ's decision on May 3, 2007. (Tr. 7). The Appeals Council denied Plaintiff's request for review on July 25, 2008. (Tr. 1-3). Within the required time limitations, Plaintiff filed this civil action.

Plaintiff was born on March 29, 1980 and has a eleventh grade education. (Tr. 38, 64). Plaintiff previously worked at various unskilled labor positions. Her most recent job, as a cashier in a Subway restaurant, ended in October 2003 when she was terminated for failure to show for work. (Tr. 40). Plaintiff claims that she has not performed substantial gainful activity since October 17, 2005 because she suffers from a mood disorder and post traumatic stress disorder ("PTSD"), and is bi-polar. (Tr. 64, 80).

Plaintiff's medical history which gives rise to her complaint dates back to her August 25, 2005 intake evaluation conducted by psychologist John Atchison at Eastside Mental Health Center. (Tr. 136-40). Dr. Atchison wrote in his admission evaluation that Plaintiff suffered from a mood disorder. (Tr. 140). On October 17, 2005, Dr. Atchison determined Plaintiff suffered from a mood disorder not otherwise specified, probably a bipolar disorder, and PTSD. (Tr. 135). On December 13, 2005, in a second initial evaluation, Dr. Atchison again determined Plaintiff suffered from a mood disorder not otherwise specified, possibly a bipolar disorder, and PTSD. (Tr. 128).

Plaintiff was treated by Dr. Atchison and attended individual sessions with the doctor on March 1, May 5, May 17, September 6, September 13, and October 11, 2006. (Tr. 167-72). Plaintiff was prescribed medication for her condition in March and had several follow up visits with Dr. Atchison in which she was prescribed additional medications. (*Id.*). During her September 6, 2006 consultation, Plaintiff informed Dr. Atchison she was pregnant and no longer taking her medications.

(Tr. 168, 169). Dr. Atchison instructed Plaintiff to stay off of these medications until a reassessment could be made. (Tr. 168). Upon reassessment, no changes in management were made, and Plaintiff reported taking only Tylenol. (Tr. 167).

On February 28, 2006, Plaintiff was evaluated at Gadsden Psychological Services by Psychologist June Nichols. (Tr. 141-45). Dr. Nichols determined that Plaintiff suffered from PTSD as well as mild depression. (Tr. 145). Further, Dr. Nichols opined that Plaintiff "does not have severe deficits which would interfere with her ability to understand, remember, and carry out simple work related instructions." (*Id*.). Finally, Dr. Nichols believed that continued medication for Plaintiff's conditions would likely improve her condition. (*Id*.).

Dr. Larry H. Dennis performed a consultative RFC assessment of Plaintiff on March 13, 2006. (Tr. 146). Dr. Dennis determined Plaintiff suffered from moderate functional limitations of daily living activities, maintaining social functioning, and maintaining concentration, persistence, or pace. (Tr. 156).

Dr. Atchison also performed an RFC assessment of Plaintiff on April 11, 2006. (Tr. 164-66). On the assessment form, Dr. Atchison noted that Plaintiff had marked impairments in her ability to complete tasks in a timely manner, respond to ordinary work pressures, understand, remember and carry out instructions in a work setting, and respond appropriately to supervision in a work setting. (Tr. 165-66). Dr. Atchison further found that Plaintiff had moderate impairments with regard to maintaining social functioning, responding appropriately to coworkers in a work setting, and performing repetitive tasks in a work setting. (*Id*.). Finally, and perhaps most importantly, Dr. Atchison found that these impairments only resulted in mild restriction of daily living activities and that Plaintiff retained the ability to perform simple tasks in a work setting. (*Id*.).

**II.     ALJ Decision**

Determination of disability under the Act requires a five-step analysis. *See* 20 C.F.R. § 404.1 *et. seq.* First, the Commissioner determines whether the claimant is working. Second, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. Third, the Commissioner determines whether the claimant's impairment meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations. Fourth, the Commissioner determines whether the claimant's RFC can meet the physical and mental demands of past work. The claimant's RFC consists of what the claimant can do despite her impairment. Finally, the Commissioner determines whether the claimant's age, education, and past work experience prevent the performance of any other work. In making a final determination, the Commissioner will use the Medical-Vocational Guidelines in Appendix 2 of Part 404 of the Regulations when all of the claimant's vocational factors and RFC are the same as the criteria listed in the Appendix. If the Commissioner finds that the claimant is disabled or not disabled at any step in this procedure, the Commissioner will provide no further review of the claim.

The court recognizes that "the ultimate burden of proving disability is on the claimant" and that the "claimant must establish a *prima facie* case by demonstrating that [s]he can no longer perform h[er] former employment." *Freeman v. Schweiker*, 681 F.2d 727, 729 (11th Cir. 1982) (other citations omitted). Once a claimant shows that she can no longer perform her past employment, "the burden then shifts to the [Commissioner] to establish that the claimant can perform other substantial gainful employment." *Id.*

The ALJ found that Plaintiff has not engaged in substantial gainful activity since October 17, 2005, her alleged onset date of disability. (Tr. 23, 64). The ALJ further determined that Plaintiff

has the severe impairment of mood disorder not otherwise specified; however, the ALJ determined that Plaintiff's impairment does not meet or equal any impairment listed in Appendix 1 to Subpart P, 20 CFR, Part 404. (Tr. 19). According to the ALJ, Plaintiff's testimony was not credible due to inconsistencies with her RFC assessment. (Tr. 21). The ALJ further determined that Plaintiff retains the RFC to perform the exertional demands of her past relevant work, which is classified light unskilled. (Tr. 22).

At the hearing, the ALJ called a vocational expert ("VE") to testify who was familiar with Plaintiff's background. (Tr. 49-51). The VE testified that Plaintiff's past relevant work as a cashier and cashier/waitress was classified as unskilled, in the light intensity category. (Tr. 49). The VE stated that Plaintiff's past relevant work has provided her with transferable job skills that can be applied to other jobs that exist in significant numbers in the national economy. (Tr. 50). When asked to consider Plaintiff's age, education, work experience, and assigned RFC, the VE opined that Plaintiff could perform light, unskilled work. (*Id*.). Based on the VE's testimony and his assessment of Plaintiff's RFC, the ALJ found that Plaintiff is capable of performing unskilled light work, the same classification as Plaintiff's past relevant work. (Tr. 23).

**III.   Plaintiff's Argument for Remand or Reversal**

Plaintiff seeks to have the ALJ's decision reversed and remanded for further consideration. (Doc. #1 at 2). Plaintiff asserts two reasons why this court should grant the relief sought: (1) the finding that Plaintiff was not disabled was not based upon substantial evidence; and (2) correct legal standards were not applied in determining the ultimate issue.

**IV.     Standard of Review**

The only issues before this court are whether the record reveals substantial evidence to sustain the ALJ's decision, *see* 42 U.S.C. § 405(g); *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982), and whether the correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Title 42 U.S.C. §§ 405(g) and 1383(c) mandate that the Commissioner's findings are conclusive if supported by "substantial evidence." *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). The district court may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner; instead, it must review the final decision as a whole and determine if the decision is reasonable and supported by substantial evidence. *See id.* (*citing Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

Substantial evidence falls somewhere between a scintilla and a preponderance of evidence; "[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Martin*, 894 F.2d at 1529 (*quoting Bloodsworth*, 703 F.2d at 1239) (other citations omitted). If supported by substantial evidence, the Commissioner's factual findings must be affirmed even if the evidence preponderates against the Commissioner's findings. *See Martin*, 894 F.2d at 1529. While the court acknowledges that judicial review of the ALJ's findings is limited in scope, the court also notes that review "does not yield automatic affirmance." *Lamb*, 847 F.2d at 701.

**V.     Discussion**

In light of the legal standards that apply in this case, the court rejects Plaintiff's arguments for reversal and remand.  For the reasons outlined below, the court finds that the ALJ relied on substantial evidence and applied the proper legal standards.

**A.     The ALJ's RFC Findings Are Proper and Based on Substantial Evidence**

Plaintiff's argues that the ALJ's RFC findings are inadequate and not based on substantial evidence.  Specifically, Plaintiff argues that the ALJ's RFC finding did not contain quantifiable information indicative of severity, the ALJ did not consider each reviewing physician, and the ALJ did not present a correct hypothetical to the VE.

The ALJ should "make specific and well-articulated findings as to the effect of the combination of impairments and to decide whether the combined impairments cause the claimant to be disabled." *Walker v. Bowen*, 826 F.2d 996, 1001 (11th Cir. 1987).  However, there is no "rigid requirement" that the ALJ refer to every piece of evidence as long as the decision allows the court to conclude that the ALJ considered the medical condition as a whole.  *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005).  The ALJ correctly determined that the evidence as a whole fails to confirm disabling limitations arising from Plaintiff's mental condition.  While Plaintiff did see physicians who determined she had other impairments than those specified as severe, the ALJ properly examined the physicians' opinions and set out proper reasons for finding the opinion of Dr. Atchison, Plaintiff's treating physician, not creditable. (Tr. 20-21).  In particular, the ALJ found that Dr. Atchison was not creditable due to inconsistencies with his own treatment records as well as those of the treating psychiatrist.  (*Id*.).  Although Plaintiff did establish in the medical record that she has the severe impairment of a mood disorder not otherwise specified, no evidence was

presented, including her own testimony, which suggests that her ability to socially function affects her performance of past relevant work. The ALJ correctly determined Plaintiff's social functioning ability did not further affect her RFC.

Since the ALJ correctly determined that Plaintiff could still perform the demands of her past relevant work and, therefore, found she was not disabled, it is not necessary to discuss the ALJ's findings at Step 5. Plaintiff's past relevant work is considered unskilled light work, and contrary to Plaintiff's assertion, the ALJ specified in Paragraphs 2 and 3 of Step 4, as well as in footnote 11 of his opinion, that Plaintiff's past relevant work is considered unskilled light work. (Tr. 22, 23). The ALJ properly referred to the Regulations and, therefore, a formal recitation was not necessary. Based on these findings, the ALJ properly evaluated all the evidence and testimony and determined that Plaintiff has the RFC that meets the demands of light work.

Considering the ALJ's findings in light of the applicable standard of review, the court finds no error. The court finds the ALJ properly considered Plaintiff's history of mental illness and the treatment she received. The ALJ weighed Plaintiff's subjective complaints and concluded that, while the medical evidence supports a finding of some restrictions, the evidence did not show that Plaintiff was disabled because of them.

## VI. Conclusion

For the reasons stated above, the court concludes that the ALJ's determination that Plaintiff is not disabled is supported by substantial evidence and proper legal standards were applied in reaching this determination. The Commissioner's final decision is due to be affirmed and a separate order in accordance with this memorandum opinion will be entered.

**DONE** and **ORDERED** this ___10th___ day of February, 2010.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE